IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00331-JLK-CYC

BOY KILLS WORLD RIGHTS, LLC,

     Plaintiff,

v.

JOHN DOE subscriber assigned IP address 24.9.236.48,

     Defendant.

---

## MINUTE ORDER

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on April 23, 2026.**

This matter is before the Court on the Plaintiff's Second Motion for Leave to Take Limited Expedited Discovery of Information Prior to Rule 26(f) Conference, ECF No. 12, which asks the Court to grant it "leave to serve a second third party subpoena prior to a Rule 26(f) conference to the ISP Comcast." *Id*. at 1.

The Court previously allowed the plaintiff to serve a third-party subpoena on the ISP seeking information relating to defendant Doe 1, who allegedly accessed the plaintiff's copyrighted material via a piracy website, ECF No. 1 ¶¶ 14–23, on May 3 and May 27, 2024. ECF No. 1-1 at 2. According to the plaintiff, the ISP responded to that subpoena by informing the plaintiff that the requested date was "outside of Comcast's 180 day period for retained logs," ECF No. 12-1 ¶ 5, and, as a result, "it could not respond [to the subpoena] because it only retains logs for dynamically assigned IP addresses for 180 days." *Id*. ¶ 3.

Counsel for the plaintiff identified a different case in which the same IP address was involved in a similar lawsuit and in which the plaintiff there appears to have asked the ISP to produce identifying information related to that IP address, but the ISP "asserted that the subscriber identification information it produced for the same IP address" in the other case "is outside the scope of the Order" entered in this case allowing for issuance of the third-party subpoena. *Id*. ¶ 12. As a result, the plaintiff now asks the Court to grant the plaintiff permission to issue a third-party subpoena to the ISP for the records produced in the other litigation. *Id*. ¶ 14; ECF No. 12 at 3.

Rule 26(b)(1) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" with certain limitations. Fed. R. Civ. P. 26(b)(1). "In establishing the scope of discovery, Rule 26(b)(1) does not distinguish between parties and non-parties." *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc*., No. 11-cv-01611-MSK-CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014) (citing *United States v. Blue Cross Blue Shield of Mich*., No. 10-CV-14155, 2012 WL 4838987, at *2 (E.D. Mich. Oct. 11, 2012)).

But "[i]t is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena." *Id*. (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)). And the Court should "closely regulate[ ]" third-party discovery, *Premier Election Sols., Inc. v. Systest Labs Inc*., Civ. No. 09-cv-01822-WDM-KMT, 2009 WL 3075597, at *3 (D. Colo. Sep. 22, 2009), to ensure that third parties are not unduly burdened. In furtherance of this goal, Rule 45(d)(1) requires the issuing court to enforce the party's and attorney's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and requires the court to impose sanctions "on a party or attorney who fails to comply."

Here, the information the plaintiff provided makes clear that the third-party ISP "could not respond because it only retains logs for dynamically assigned IP addresses for 180 days," ECF No. 12-1 ¶ 3, and the plaintiff now seeks permission to issue a second subpoena seeking information from the third party produced in a 2024 case, which is also outside of the ISP's 180-day retention period. And the plaintiff offers no reason to believe that the third party has this information. To be sure, counsel avers that the ISP "has not asserted that it does not possess" the information, *id.* ¶ 13, but, of course, that does not mean that it actually does possess the information. In short, the plaintiff provides no information that the third party has retained the information produced in the 2024 lawsuit, and the information it has provided affirmatively indicates that the third party does not retain such information. This, therefore, appears to be an attempt to unduly burden a third party who has already in good faith responded to the first subpoena with the information that "[t]he hit dates for infringement of Plaintiff's Work are in 2024, and thus outside of Comcast's 180 day period for retained logs." *Id*. ¶ 5; *see, e.g.*, *Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2019 WL 13167572, at *4 (D. Colo. Oct. 25, 2019) (quashing subpoena requesting "the production of non-existent documents"). It may be that there is some reason to believe that the requested records still exist, but if there is, the Court does not have that information.

Accordingly, it is hereby ORDERED that the Plaintiff's Second Motion for Leave to Take Limited Expedited Discovery of Information Prior to Rule 26(f) Conference, ECF No. 12, is **DENIED without prejudice**.